STATE *ex rel.* TRIGG *et al. v.* WEST *et al.*

(Division B. Oct. 22, 1934. Suggestion of Error Overruled Dec. 3, 1934.)

[157 So. 81. No. 31363.]

**Nate S. Williamson** and **R. M. Bourdeaux,** both of Meridian, for appellant.

J. A. Covington, Jr., of Meridian, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant, the state for the use of Mrs. Fannie Trigg and her children, brought this action in the circuit court of Clarke county against appellee W. Z. West, the sheriff of that county, and the surety on his official bond, to| recover damages for the alleged maltreatment of W. S. Trigg, the husband and father of the usees, while in the custody of the sheriff; such alleged maltreatment resulting in the death of Trigg. Appellees demurred to the declaration, which demurrer was sustained. Appellant

filed an amended declaration, which was demurred to by appellees, and which demurrer was likewise sustained. Appellant declining to plead further, final judgment was entered dismissing the cause. From that judgment appellant prosecutes this appeal.

The following are the substantial averments of the declaration: That on the 11th of September, 1929, W. S. Trigg was convicted in the circuit court of Clarke county of violating the liquor laws of the state; that the fine was suspended during good behavior, and stay of execution granted as to the payment of the costs until the following term of the court; that Trigg failed to pay the costs which were a part of the sentence, and on September 22, 1931, West, the sheriff, caused the clerk to issue a writ of capias pro finem, in pursuance of which Trigg was taken into custody on the same day by the sheriff and placed in the county jail; that the sheriff knew that the only reason Trigg had failed to pay the costs was that he was unable to earn the necessary money on account of being afflicted with tuberculosis; that the sheriff also knew that on account of his illness it would endanger his life to confine him in jail; that he remained in jail six days; that the sheriff was also warned by Trigg's wife and two physicians that imprisonment would endanger his life, and that he could not perform manual labor due to his physical condition; that the wife requested that he should not be turned over to the convict superintendent to work on the public roads, and promised if he was not so turned over she would make every effort to pay the costs; that the sheriff willfully and maliciously ignored her entreaties, and in addition prevented her from taking him medicine, food, and other necessary comforts while he was in jail; that removing Trigg from the county jail to work on the public roads of the county amounted to intentional, willful, and malicious maltreatment by the sheriff, and that such treatment with a proximate

cause of Trigg's death, which took place during the same week he was so placed at work; that the sheriff knew the result would be as it was.

Does the declaration state a cause of action? In considering the question, the allegations of the declaration must be construed most strongly against the pleader. Appellant, if not expressly, impliedly concedes that the judgment of the court imposing the fine and costs on Trigg and the suspension of the payment of the fine during good behavior, his commitment until the payment of the costs, which was a part of the sentence, and the issuance of the capias pro finem, and the turning of Trigg over to the superintendent of the county convicts for work on the public roads, all would have been authorized by law, except for Trigg's physical condition, which exempted him from its operation.

Section 4064, Code of 1930, provides that a convict shall be relieved of doing manual labor if the county health officer shall give a certificate that he is physically unable to do any kind of manual labor. Section 4074, Code of 1930, provides for proper food, clothing, shelter, bathing facilities, and medical attention for convicts.

The declaration does not sufficiently charge that the prevention of Trigg's wife from giving him food and medicine while in jail caused his death. It is not charged that he did not have medical attention and wholesome food while so confined. The allegations of the declaration, in their last analysis, simply seek a recovery on the ground that, although the sheriff performed the duties required of him by law, he did so maliciously; that in enforcing the law against the prisoner he did so with malice against him. There can be no recovery upon that ground.

Appellant relies on the authorities dealing with the duties of sheriffs with reference to the lives and limbs of prisoners in their custody. Cases are cited holding

that it is their duty to protect their prisoners from mob violence, etc. Those authorities have no application here, that we can see.

Affirmed.